**Sang Goo PARK; Kim Hee Park; Joo Park, Petitioners**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 09–3755.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 22, 2010.

Opinion filed: March 23, 2010.

---

Joo Park, Palisades, NJ, pro se.

Kim Hee Park, Palisades, NJ, pro se.

Sang Goo Park, Palisades, NJ, pro se.

Steven F. Day, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: MCKEE, FUENTES and NYGAARD, Circuit Judges.

## OPINION

PER CURIAM.

Sang Goo Park, lead respondent, and his wife and son, petition for review of a decision of the Board of Immigration Appeals. For the reasons below, we will deny the petition for review.

Park and his family entered the United States on 1999 on nonimmigrant visas. In June 2000, their visas were revoked. In 2003, Park applied to adjust his status to that of a permanent resident. In March 2006, the application was denied because Park had submitted fraudulent documents in support of his visa application. In July 2006, Park was charged as removable for overstaying his admission period and for submitting fraudulent documents to obtain a visa. Park admitted that he overstayed his admission period but denied the fraud charge. The IJ sustained the fraud charge and ordered Park removed to South Korea.[1] The BIA adopted the IJ's decision and dismissed the appeal. Park filed a timely petition for review and is proceeding *pro se.*

We have jurisdiction pursuant to 8 U.S.C. § 1252. The BIA adopted the IJ's decision and added its own reasoning. Thus, we review the decisions of both the IJ and the BIA. *Jarbough v. Att'y Gen.,* 483 F.3d 184, 191 (3d Cir.2007). We review the BIA's factual determinations under the substantial evidence standard. *Dia v. Ashcroft,* 353 F.3d 228, 249 (3d Cir.2003)(en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise *de novo* review over the BIA's legal decisions. *Toussaint v. Att'y Gen.,* 455 F.3d 409, 413 (3d Cir.2006).

At the hearing, Park testified that he got the visa through a travel agency be-

---

1. Kim Hee and Joo Park were found remova-     ble for overstaying their admission period.

cause the line at the Embassy was too long. A.R. at 71. He admitted that he was never employed at Daelin Electronics, the employer listed on his visa application. A.R. at 74, 76–77. He asserted that he was not aware that the information in his visa application was false. A.R. at 74–75. He stated that he did not look at the visa very carefully after receiving it from the travel agent and had no suspicions that the travel agency was not legitimate. A.R. at 78–80. While he first admitted that he signed forms for the visa, A.R. at 68, he later stated that he did not sign the visa application. A.R. at 75.[2]

The IJ rejected Park's argument that he relied on the travel agent who filled out the visa form and did not read it. The IJ noted that Park was an educated man and the form was only two pages long. The IJ pointed out Park's inconsistent testimony as to whether he signed the visa application. The BIA noted that the application was in both Korean and English. It observed that the application listed a different employer and type of employment than Park had in Korea and that this information was not a technical legal issue that Park would be unlikely to know. A.R. at 3.

Park argues that he was unaware that there was false information on his visa application. However, his testimony is not sufficient to compel a reasonable adjudicator to conclude that the BIA was wrong in finding the fraud to be willful. This finding is supported by the evidence described above.[3]

Park also contends that the BIA and IJ failed to act on his application for adjust-

ment of status. An alien must be admissible in order to adjust his status. 8 U.S.C. § 1255(a). Because Park willfully misrepresented a material fact in seeking admission into the United States, he is inadmissible and cannot adjust his status. 8 U.S.C. § 1182(a)(6)(C).[4]

For the above reasons, we will deny the petition for review.

---

**2.** Before the BIA, Park argued that he signed a blank application.

**3.** Park also argues that the BIA erred in finding that his wife and son committed fraud. The BIA, however, noted that Park's wife and son were found removable for overstaying their admission period.

**4.** At the hearing Park's attorney agreed with the IJ that if the fraud charge was sustained, Park would not be able to pursue adjustment of status based on an approved labor certification. A.R. at 65–67.